[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10781
Non-Argument Calendar
_____

Agency No. A208-163-096


WENDI MARIBEL SOLIS, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 26, 2019)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Wendi Maribel Solis, a native and citizen of Guatemala, and her daughter, as her derivative beneficiary, petition for review of the final order that denied their motion to reconsider the dismissal of their appeal of a decision denying them all forms of immigration relief. 8 U.S.C. §§ 1158, 1231. Solis moved the Board of Immigration Appeals to reconsider its decision on the ground that defects in her initial notice to appear deprived the immigration judge of jurisdiction over her removal proceedings. *See Pereira v. Sessions*, 138 S. Ct. 2105 (2018). While Solis's petition was pending, we held in *Perez-Sanchez v. United States Attorney General*, 935 F.3d 1148, 1154–57 (11th Cir. 2019), that defects in a notice to appear do not affect the jurisdiction of the immigration judge and the Board to conduct removal proceedings. Because the immigration judge had the authority to adjudicate Solis's application, we deny the petition for review.

*Perez-Sanchez* forecloses Solis's argument that the immigration judge lacked jurisdiction over her removal proceedings. In *Perez-Sanchez*, we held that the requirement for a notice to appear to specify the time and place of a removal hearing, 8 U.S.C. § 1229(a)(1); 8 C.F.R. § 1003.14, is a claim-processing rule that, even if violated, does not prevent an immigration judge and the Board from "properly exercis[ing] jurisdiction over [the alien's] removal hearing based on the authority conferred upon them by 8 U.S.C. § 1229a(a)(1)" and entering a "valid final order of removal." 935 F.3d at 1154–57. In any event, no defect existed in the

2

notice of appear that resulted in the final order of removal that Solis challenges in her petition. Solis received a notice to appear on December 20, 2015, at 1:00 p.m., 8 U.S.C. § 1229(a)(1), but because she failed to appear, the immigration judge rescheduled the hearing for June 8, 2016, at 2:00 p.m. After her hearing, Solis filed her application for immigration relief, which the immigration judge denied when he entered the order of removal to Guatemala.

We **DENY** Solis's petition for review.